UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW S. MESNER, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:23-cv-00404-JAW |
| FMR, LLC, et al. | ) |
|       Defendants. | ) |

**ORDER ON MOTION TO DISMISS**

After the Court dismissed a pro se plaintiff's complaint against his stockbroker in favor of arbitration, the pro se plaintiff immediately filed a second lawsuit against the stockbroker reiterating the allegations in his dismissed lawsuit. The Court dismisses the second complaint with prejudice because the plaintiff has no right to file another complaint on the same grounds as an earlier dismissed complaint, his later complaint is subject to dismissal for the same reason, namely that the dispute between the plaintiff and his stockbroker is subject to arbitration, and the plaintiff is collaterally estopped from claiming otherwise.

**I.    BACKGROUND**

On June 22, 2023, Andrew S. Mesner filed a civil action in the United States District Court for the District of Maine against Fidelity Brokerage Services LLC, Fidelity Management & Research Company LLC, and FMR LLC, alleging that the Defendants engaged in multiple violations of state and federal law. *Mesner v. Fidelity Brokerage Servs., LLC*, No. 2:23-cv-00252-JAW, *Compl.* (ECF No. 1) (*June Lawsuit*). On August 14, 2023, Mr. Mesner filed an amended complaint, *First Am. Compl.* (ECF

No. 13) (*June Lawsuit Am. Compl.*), that the Court later concluded was the "operative complaint." *Order on Pending Mots.* at 28 (ECF No. 52). On October 24, 2023, the Court granted a motion to compel arbitration and to dismiss the complaint, *id.* at 41, and issued judgment in favor of the Fidelity Defendants and against Mr. Mesner. *J.* (ECF No. 53).

The following day, October 25, 2023, Mr. Mesner filed a second civil action in this Court against Fidelity Brokerage Services, LLC, FMR, LLC, and the Financial Industry Regulatory Authority, Inc. (FINRA), alleging that the Defendants engaged in multiple violations of state and federal law. *Mesner v. FMR, LLC*, No. 2:23-cv-00404-JAW, *Compl.* (ECF No. 1) (*October Lawsuit Compl.*).

On November 22, 2023, Fidelity Brokerage Services LLC and FMR LLC moved to dismiss – either with or without prejudice – the October lawsuit on the ground that it is duplicative of the June lawsuit that the Court dismissed. *Mot. to Dismiss With Prejudice, or in the Alternative Without Prejudice, All Claims Against the Fidelity Defs.* (ECF No. 14) (*Fidelity Mot.*). On November 28, 2023, Mr. Mesner opposed the motion. *Resp. to Mot. ECF 14* (ECF No. 16) (*Pl.'s Opp'n*). The Fidelity Defendants did not file a reply.

## II. THE POSITIONS OF THE PARTIES

### A. The Fidelity Defendants' Motion to Dismiss

The Fidelity Defendants move to dismiss the October lawsuit on the ground that the new lawsuit is "substantively indistinguishable from the claims Mr. Mesner filed earlier this year in another case against Fidelity." *Fidelity Mot.* at 1. Fidelity

2

notes that this Court had only recently dismissed the June lawsuit and referred it to arbitration. *Id.* Fidelity says that the filing of this new lawsuit on the heels of the dismissal of the old one is a "direct violation of this Court's order terminating the [June] case." *Id.* In legal terms, Fidelity maintains that the "doctrine of issue preclusion (also known as collateral estoppel) prohibits Mr. Mesner from seeking re-litigation of the [June] case," and states that "[p]recedent from the First Circuit and other Courts of Appeals provides that a Rule 12(b)(6) motion is an appropriate vehicle to dispose of cases barred by issue preclusion principles." *Id.* at 1-2. Next, Fidelity contends that the Court should alternatively dismiss Mr. Mesner's October lawsuit because it violates Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 2. Finally, Fidelity argues that the Court should dismiss the October lawsuit for the same reasons it dismissed the June lawsuit. *Id.*

   **B.**   **Andrew S. Mesner's Opposition**

   The main thrust of Mr. Mesner's opposition is an attack on this Court's October 24, 2023 order dismissing his June lawsuit. *Pl.'s Opp'n* at 1-7. Mr. Mesner says that this Court acted "with clear bias and prejudice," criticizes a "winded 42-page ruling," *id.* at 3, and complains of a "gross injustice and an enormous failure of this Federal Court to uphold the laws of the United States of America and to protect an American Citizen, the plaintiff, from the illegal unconscionable contract that is the Fidelity Account Customer Agreement." *Id.* at 4.

3

Mr. Mesner notes that the Court dismissed his June lawsuit "<u>without prejudice</u>" and therefore, he argues that the Court "[e]xpressly allow[ed] the plaintiff to file a legal and lawful suit in this case against the named defendants of Civil Action No. 2:23-cv-00404-JAW." *Id.* at 5 (underline in original). Thus, Mr. Mesner says that he acted "well within his rights and U.S. Federal law to not appeal the related case OF Civil Action No. 2:23-cv-00252-JAW and to justly file Civil Action No. 2:23-cv-00404-JAW." *Id.*

Regarding the Fidelity Defendants' primary point that the new lawsuit is indistinguishable from the old one, Mr. Mesner writes that "Civil Action No. 2:23-cv-00404-JAW substantively differs from that of the related case Civil Action No. 2:23-cv-00252-JAW, to include but not limit the vast differences of claims and causes of actions pleaded in complaint ECF 1." *Id.* at 6.

Mr. Mesner disagrees with the Fidelity Defendants that his new complaint fails to comply with the "short and plain statement" requirement of Rule 8. *Id.* He points out that he is "bound to plead with particularity under the Private Securities litigation reform act (PSLRA) to stem frivolous and unwarranted securities lawsuits to which the plaintiff has duly complied." *Id.*

Mr. Mesner returns to criticizing the Court. *Id.* at 7. He says that this Court engaged in "clear bias and uneven application of the law," and he maintains that this "prejudices [his] complaint." *Id.*

4

## III. LEGAL STANDARDS

Rule 12(b)(6) requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausible means "'something more than merely possible' or 'merely consistent with a defendant's liability.'" *Germanowski v. Harris*, 854 F.3d 68, 71-72 (1st Cir. 2017) (internal citation omitted) (quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)); *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 11 (1st Cir. 2011)). This is a "'context-specific' job that compels [judges] 'to draw on' [their] 'judicial experience and common sense.'" *Schatz*, 669 F.3d at 55 (quoting *Iqbal*, 556 U.S. at 679).

This is a "two-step analysis." *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir.

2012)); *see also Schatz*, 669 F.3d at 55 (stating that a court may "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

## IV.   DISCUSSION

### A.   Failure to Arbitrate

On October 24, 2023, this Court issued a forty-two-page order in which it concluded that Mr. Mesner and the Fidelity Defendants were bound by the arbitration clause in the Fidelity Account Customer Agreement that Mr. Mesner signed, and the Court ordered that the arbitration proceed with FINRA in accordance with the agreement. No. 2:23-cv-00252-JAW, *Order on Pending Mots.* at 42 (ECF No. 52). Mr. Mesner's disagreement with the Court's order is apparent. He filed eight post-judgment motions, objecting to the dismissal of his June lawsuit, finally provoking a "*Cok*" order to prevent frivolous, repetitive, and harassing filings. *Id.*, *Order on Pl.'s Seventh and Eighth Post-J. Mots. and Order Enjoining Pl. from Future Filings Without Ct. Permission* (ECF No. 74).

Once the Court issued its October 24, 2023 order and judgment, Mr. Mesner had two options: (1) he could obey the order and proceed with the arbitration of his claims with FINRA, or (2) he could challenge the legality of the order. Mr. Mesner tried the second option by filing eight post-judgment motions, but once the Court

6

rejected the post-judgment motions, he had only one path to challenge the order's legality: an appeal to the Court of Appeals for the First Circuit. Under the federal judicial system, a trial court's rulings are not the last word, and litigants have the right to challenge trial rulings made in this Court on appeal to the First Circuit. But Mr. Mesner elected not to pursue his appellate rights and as he points out, he "acted well within his rights and U.S. Federal law to not appeal." *Pl.'s Opp'n* at 5. But now it is too late. *See* FED. R. APP. P. 4(a)(1)(A). In other words, one option failed, and Mr. Mesner forwent the other. The October 24, 2023 judgment that dismissed the June 2023 lawsuit is now a final judgment, and Mr. Mesner must comply with it.

Mr. Mesner chose a third, unviable path: he ignored the order and filed a new lawsuit. Mr. Mesner attempts to justify his failure to comply with the Court's order on the ground that the Court dismissed his June lawsuit without prejudice.

The United States Supreme Court and the First Circuit have described the difference between a dismissal with and without prejudice. A dismissal with prejudice will "ordinarily (though not always) have the consequence of not barring the claim from <u>other</u> courts." *Foss v. Eastern States Exposition*, 67 F.4th 462, 468 (1st Cir. 2023) (quoting *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)) (emphasis in original). By contrast, a dismissal without prejudice is "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period." *Semtek*, 531 U.S. at 505-06; *Garcia-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 19 (1st Cir. 2005) ("To the extent that the

7

dismissal was 'without prejudice' LEC was not barred from refiling the claim with the same court").

Mr. Mesner is correct as far as he goes. But these principles do not relieve Mr. Mesner from complying with the Court's now final October 24, 2023 judgment. Mr. Mesner has no right simply to ignore an order of this Court and return with a new lawsuit based on the same grounds previously rejected. Fortunately, this type of procedural tail-chasing does not happen very often because litigants represented by attorneys understand that they must obey final court orders.

At any rate, fundamental rules of collateral estoppel resolve this new lawsuit. As the First Circuit explained, "[c]ollateral estoppel, sometimes called issue preclusion, bars parties from relitigating issue of either fact or law that were adjudicated in an earlier proceeding." *Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 31 (1st Cir. 2017). There are four prerequisites to the application of collateral estoppel, the party seeking preclusion must show "(1) both proceedings involve[] the same issue of law, (2) the parties actually litigated that issue [in the prior proceeding], (3) the prior court decided that issue in a final judgment, and (4) resolution of that issue was essential to judgment on the merits." *Id.* at 32 (quoting *Global NAPs, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 95 (1st Cir. 2010)).

Here, in the June 2023 lawsuit, the Court did not rule on whether any of Mr. Mesner's claims against Fidelity were meritorious, and to that extent, the Court did not reach the merits of the dispute. However, the Court's ruling on the arbitrability

8

of the dispute by FINRA under the terms of the Agreement was on the merits of that legal issue, and Mr. Mesner may not relitigate it now.

The reason the Court dismissed the June 2023 lawsuit without prejudice was to protect Mr. Mesner from any argument that the Court had ruled on the merits of his claims against Fidelity and to allow him to proceed unfettered in pursuing his claims in arbitration.  The dismissal without prejudice did not allow Mr. Mesner to bring other proceedings involving the same issue of law, namely arbitrability, which the parties already litigated, and was essential to the judgment that the Court already decided.  *Cf. id.*

On October 24, 2023, the Court decided that Mr. Mesner's claims against the Fidelity Defendants are arbitrable and that decision is now frozen into a final, unappealed judgment, not subject to challenge by a new lawsuit based on the same grounds as earlier resolved.

### B.  Dismissal With or Without Prejudice

The final question is whether the Court's order in this case should be with or without prejudice.[1]  In these circumstances, where Mr. Mesner filed a second lawsuit against the Fidelity Defendants immediately after the Court entered judgment in favor of the Fidelity Defendants in the first lawsuit, and where Mr. Mesner has made no effort to comply with the Court's earlier judgment or to demonstrate that his new

---

[1] The Court recognizes that the so-called two dismissal rule in Federal Rule of Civil Procedure 41(a) does not apply here, because Mr. Mesner has not filed a notice of dismissal of the second lawsuit. *See* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2368 (2020 ed.).

lawsuit is grounded on new evidence, the Court concludes that this dismissal should be with prejudice.

What this Court means by with prejudice in the context of this case is that Mr. Mesner may not raise again in this Court whether his claims against the Fidelity Defendants are arbitrable. They are. At the same time, this Court's dismissal of Mr. Mesner's claims is not a ruling on the merits of Mr. Mesner's claims against the Fidelity Defendants and not a suggestion about the proper resolution of the FINRA arbitration.

## V. CONCLUSION

The Court GRANTS Fidelity Brokerage Service, LLC and FMR LLC's Motion to Dismiss With Prejudice, or in the Alternative Without Prejudice, All Claims Against the Fidelity Defendants (ECF No. 14) and DISMISSES Plaintiff's Complaint (ECF No. 1) WITH PREJUDICE.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2024