UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW S. MESNER, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   No. 2:23-cv-00404-JAW |
| FMR, LLC, et al. | ) ) ) |
|       Defendants. | ) ) |

**ORDER ON MOTION TO DISMISS**

The court grants the Financial Industry Regulatory Authority, Inc.'s (FINRA) motion to dismiss a complaint by the customer of a securities broker because FINRA is absolutely immune from monetary damages for claims arising out of its investigation and arbitration of customer complaints.

**I.    BACKGROUND**

On June 22, 2023, Andrew S. Mesner filed a civil action in the United States District Court for the District of Maine against Fidelity Brokerage Services LLC, Fidelity Management & Research Company LLC, and FMR LLC (the Fidelity Defendants), alleging that the Defendants engaged in multiple violations of state and federal law. *Mesner v. Fidelity Brokerage Servs., LLC*, No. 2:23-cv-00252-JAW, *Compl.* (ECF No. 1) (*June Lawsuit*). On October 24, 2023, the Court granted a motion to compel arbitration and to dismiss the complaint, *Order on Pending Mots.* at 41 (ECF No. 52), and issued judgment in favor of the Fidelity Defendants and against Mr. Mesner. *J.* (ECF No. 53).

On October 25, 2023, Mr. Mesner filed a second civil action in the United States District Court for the District of Maine against Fidelity Brokerage Services, LLC, FMR, LLC, and FINRA, alleging that the Defendants engaged in multiple violations of state and federal law. *Mesner v. FMR, LLC*, No. 2:23-cv-00404-JAW, Compl. (ECF No. 1) (*October Lawsuit*).

On December 11, 2023, FINRA filed a motion to dismiss the October Mesner lawsuit. *Def. FINRA's Mot. to Dismiss Compl.* (ECF No. 17) (*FINRA Mot.*). On December 21, 2023, Mr. Mesner filed a response. *Resp. to Mot. ECF 17* (ECF No. 19) (*Pl.'s Opp'n*). FINRA did not file a reply.

## II. THE POSITIONS OF THE PARTIES

### A. FINRA's Motion to Dismiss

FINRA bases its motion to dismiss on two grounds. *FINRA Mot.* at 1. First, FINRA says it "is entitled to absolute regulatory immunity in connection with the discharge of its statutorily-mandated duties." *Id.* Second, FINRA argues that Mr. Mesner's complaint "fails to state any cause of action or provide any plausible factual allegations against FINRA upon which relief may be granted." *Id.* at 1-2.

After describing FINRA's role in regulating the securities industry, including its role in providing an arbitration forum, FINRA states that in performing its investigative role and exercising its prosecutorial discretion, it is entitled to absolute immunity. *Id.* at 3-11. FINRA also argues that if the Court were to not dismiss Mr. Mesner's complaint on the basis of immunity, the complaint would fail to state a claim upon which relief can be granted both because there is no private right of action

against FINRA in connection with its regulatory activities and because the complaint is vague and conclusory. *Id.* at 11-12.

### B. Andrew Mesner's Opposition

In his response to FINRA's motion to dismiss, Mr. Mesner first argues that FINRA has "produced no evidence . . . in support of [its] having performed their statutorily delegated adjudicatory, regulatory, or prosecutorial functions properly." *Pl.'s Opp'n* at 3. Mr. Mesner refers to "accompanying prima facie evidence" in his complaint that he believes shows "FINRA's absolute disregard of its own rules [and] regulations." *Id.* Mr. Mesner says that FINRA's motion to dismiss "reveals [FINRA] in conjunction with [the Fidelity Defendants] each respectively 'think' and 'feel' their actions/inactions have immunity." *Id.* Mr. Mesner asserts that FINRA "failed to plead" its immunity position, "failed to convey to this Court how and why FINRA's conduct was 'under the aegis of the Exchange Act's delegated authority', and FINRA 'failed to provide evidence to counter the plaintiff's claims.'" *Id.* at 3.

Mr. Mesner writes:

> As this Court has already proved, the Federal government of the United States of America is more likely than not corrupt and complicit in (1) not upholding the laws of the U.S. Federal government (2) upholding illegal predatory unconscionable fraudulent agreements (3) giving immunity to defendant who did not act in accordance with the terms of such agreements and or defendants who clearly violated a vast sum of U.S. Federal laws; while this Court may be accepting of such 'normalized' indignities – the plaintiff is not.

*Id.* at 4. Mr. Mesner then says that if the Court identifies any shortcomings in his complaint, he "compels and demands the Court convey such shortcomings if any exists so the plaintiff may file an amended complaint." *Id.*

## III.  LEGAL STANDARDS

Rule 12(b)(6) requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausible means "'something more than merely possible' or 'merely consistent with a defendant's liability.'" *Germanowski v. Harris*, 854 F.3d 68, 71-72 (1st Cir. 2017) (internal citation omitted) (quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)); *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 11 (1st Cir. 2011)). This is a "'context-specific' job that compels [judges] 'to draw on' [their] 'judicial experience and common sense.'" *Schatz*, 669 F.3d at 55 (quoting *Iqbal*, 556 U.S. at 679).

This is a "two-step analysis." *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir.

2012)); *see also Schatz*, 669 F.3d at 55 (stating that a court may "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

## IV.  DISCUSSION

FINRA is a private, not-for-profit Delaware corporation and self-regulatory organization.  *See Compl.* at 20.  FINRA is registered with the United States Securities and Exchange Commission as a national securities association pursuant to 15 U.S.C. § 78o-3, *et seq.*, the Maloney Act of 1938, which amended the Securities Exchange Act of 1934.  *See FINRA Mot.* at 3.  Each court that has considered the issue has ruled that "[c]onsistent with their role in regulation of the securities market, self-regulatory organizations have been granted immunity from suit when acting in a quasi-governmental capacity." *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1214 (9th Cir. 1998), *overruled in part on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374 (2016); *accord Hurry v. Fin. Indus. Regul. Auth., Inc.*, 782 Fed. Appx. 600, 602 (9th Cir. 2019); *Xu v. Fin. Indus. Regul. Auth., Inc.*, 503 Fed. Appx. 7, 8 (2d Cir. 2012) ("As an SRO, FINRA and its officers 'are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities'" (quoting *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112, 115

5

(2d Cir. 2005)) (per curiam)); *Cent. Registration Depository, # 1346377 v. Fin. Indus. Regul. Auth., Inc.*, 459 Fed. Appx. 662, 663 (9th Cir. 2011) ("FINRA enjoys absolute immunity from money damages for tis regulatory activity"); *Weissman v. Nat'l Ass'n of Secs. Dealers, Inc.*, 500 F.3d 1293, 1296 (11th Cir. 2007) ("[Self-regulatory Organizations] are protected by absolute immunity when they perform their statutorily delegated adjudicatory, regulatory, and prosecutorial functions"); *MM&S Fin., Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 364 F.3d 908, 910-11 (8th Cir. 2004). In 1996, the Second Circuit discussed the rationale underlying absolute immunity:

> We think that absolute immunity is particularly appropriate in the unique context of the self-regulation of the national securities exchanges. Under the Exchange Act, the Exchange performs a variety of regulatory functions that would, in other circumstances, be performed by a government agency. Yet government agencies, including the SEC, would be entitled to sovereign immunity from all suits for money damages. *See Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir. 1983); *see also Austin* [*Mun. Secur., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 757 F.2d 676, 692 (5th Cir. 1985)]. As a private corporation, the Exchange does not share in the SEC's sovereign immunity, but its special status and connection to the SEC influences our decision to recognize an absolute immunity from suits for money damages with respect to the Exchange's conduct of disciplinary proceedings.

*Barbara v. N.Y. Stock Exch.*, 99 F.3d 49, 59 (2d Cir. 1996).

Although Mr. Mesner's complaint is unconventional and imprecise, the Court construes it liberally, *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014), and views his claim as reaching two of FINRA's functions: its investigative and its arbitration roles. In his complaint, Mr. Mesner alleged that he filed a FINRA regulation tip on May 31, 2023 that was converted into a FINRA complaint on July 7, 2023. *Compl.* at 21. Mr. Mesner claimed that FINRA violated various federal

6

statutes in its handling of the complaint and thereby engaged in a civil conspiracy with the Fidelity Defendants. *Id.* at 22-25. Mr. Mesner also complains that FINRA violated its role as an arbitrator. *Id.* at 24, 114-21.

FINRA, however, has absolute immunity against claims arising from either role. FINRA's "immunity extends to [its] investigatory actions." *P'ship Exch. Sec. Co. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 169 F.3d 606, 608 (9th Cir. 1999); *Sparta*, 159 F.3d at 1214. FINRA also enjoys absolute immunity against claims arising from its role as arbitrator.[1] *Cf. MM&S Fin.*, 364 F.3d at 910-11; *Olson v. Nat'l Ass'n of Secs. Dealers, Inc.*, 85 F.3d 381, 383 (8th Cir. 1996); *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1159 (10th Cir. 2007) ("[C]ourts uniformly hold that arbitration forums. . . are immune from liability for actions taken in connection with administering arbitration"); *Honn v. Nat'l Ass'n of Secs. Dealers, Inc.*, 182 F.3d 1014, 1017 (8th Cir. 1999) ("Arbitral immunity extends to organizations, such as NASD, that sponsor arbitrations"); *Webb v. Fin. Indus. Regulatory Auth.*, No. 1-20-0854, 2022 Ill. App. Unpub. LEXIS 388, ¶ 37 (Ill. App. Ct., Mar. 14, 2022) ("FINRA itself, as well as the National Association of Securities Dealers, which was a predecessor organization for FINRA, has been found to be covered by arbitral immunity for acts done within the scope of arbitration").

In short, Mr. Mesner's lawsuit against FINRA is barred because FINRA is absolutely immune from his claims.

---

[1] The First Circuit recognizes the concept of arbitral immunity. *See New Eng. Cleaning Servs. v. Am. Arb. Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999). The First Circuit more recently discussed FINRA's potential immunity as arbitrator in *Lanza v. Finance Industry Regulatory Authority*, 953 F.3d 159, 163-64 (1st Cir. 2020), but rested its opinion on other grounds. *Id.* at 164-65.

7

## V.     CONCLUSION

The Court GRANTS Defendant FINRA's Motion to Dismiss Complaint (ECF No. 17) WITH PREJUDICE.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2024